**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ALLEN OKECHUKWU CAUDLE,<br>    Plaintiff,<br><br>               v.<br><br>THE UNITED STATES OF<br>AMERICA, *et al.*,<br>    Defendants. | Civil Action No.<br>1:22-cv-04865-SDG |
| ALLEN OKECHUKWU CAUDLE,<br>    Plaintiff,<br><br>               v.<br><br>THE UNITED STATES OF<br>AMERICA, *et al.*,<br>    Defendants. | Civil Action No.<br>1:23-cv-00161-SDG |
| ALLEN OKECHUKWU CAUDLE,<br>    Plaintiff,<br><br>               v.<br><br>THE UNITED STATES OF<br>AMERICA, *et al.*,<br>    Defendants. | Civil Action No.<br>1:23-cv-02765-SDG |
| ALLEN OKECHUKWU CAUDLE,<br>    Plaintiff,<br><br>               v.<br><br>THE UNITED STATES OF<br>AMERICA, *et al.*,<br>    Defendants. | Civil Action No.<br>1:23-cv-03012-SDG |

ALLEN OKECHUKWU CAUDLE,
   Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATIONS,
   Defendant.

Civil Action No.
1:23-cv-03311-SDG

## OPINION AND ORDER

Before the Court is Plaintiff Allen Okechukwu Caudle's motion for a temporary restraining order [ECF 16] in *Caudle v. United States of America, et al.*, 1:22-cv-04865-SDG (the -4865 Case). It is **DENIED AS MOOT and WITHOUT PREJUDICE**. Also, pursuant to 28 U.S.C. § 1915(e)(2), the Court conducts a frivolity review of Caudle's pleadings in the following cases: *Caudle v. Fulton County, et al.*, Case No. 1:23-cv-00161 (the -0161 Case); *Caudle v. National Security Agency, et al.*, Case No. 1:23-cv-02765-SDG (the -2765 Case); *Caudle v. United States of America, et al.*, Case No. 1:23-cv-03012-SDG (the -3012 Case); and *Caudle v. Federal Bureau of Investigations*, Case No. 1:23-cv-03311-SDG (the -3311 Case). For the reasons articulated below, the -0161, -2765, -3012, and -3311 Cases are **DISMISSED WITHOUT PREJUDICE**. All pending motions in these cases are **DENIED AS MOOT.**

**I.      The -4865 Case**

**A.      Background**

On December 8, 2022, Caudle—proceeding *pro se*—submitted an application for leave to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915(a).[1] On December 9, United States Magistrate Judge Regina D. Cannon ordered Caudle to refile his IFP application because the first application was incomplete.[2] On December 12, Caudle refiled the IFP application,[3] which Judge Cannon granted on December 15.[4]

On February 6, 2023, Caudle filed the Second Amended Complaint[5] and the TRO Motion.[6] On April 3, before the Court entered a final order in the case, Caudle filed a Notice of Appeal.[7] On May 9, the Eleventh Circuit dismissed the appeal.[8]

---

[1]   -4865 Case, ECF 1.

[2]   *Id.* at ECF 2.

[3]   *Id.* at ECF 3.

[4]   *Id.* at ECF 4.

[5]   *Id.* at ECF 15.

[6]   *Id.* at ECF 16.

[7]   *Id.* at ECF 17.

[8]   *Id.* at ECF 21.

On June 6, the Eleventh Circuit reinstated the appeal,[9] and it dismissed the reinstated appeal on August 9.[10] The Eleventh Circuit's mandate has yet to issue.

### B.      Jurisdiction Over the -4865 Case

A "district court generally is without jurisdiction to rule in a case that is on appeal, despite a decision by [the Eleventh Circuit], until the mandate has issued." *Zaklama v. Mount Sinai Med. Ctr.*, 906 F.2d 645, 649 (11th Cir. 1990); *see also* Fed. R. App. P. 41; *Bell v. United States*, 470 F. App'x 858, 858 (11th Cir. 2012) (vacating and remanding a district court's dismissal after the Eleventh Circuit issued judgment but before the Eleventh Circuit issued a mandate in the case). When Caudle appealed the -4865 Case before the Court had conducted a frivolity review, the Court was instantaneously divested of jurisdiction to consider Caudle's pending motion for a temporary restraining order.

Because the Eleventh Circuit has yet to issue a mandate in the -4865 Case, this Court is without jurisdiction to rule on the merits of Caudle's motion. Accordingly, the motion [ECF 16] is **DENIED AS MOOT and WITHOUT PREJUDICE**. Caudle may renew his motion with this Court after the Eleventh Circuit issues its mandate, so long as his case is not dismissed.

---

[9]   *Id.* at ECF 22.

[10]  *Id.* at ECF 24.

**II.     The -0161, -2765, -3012, and -3311 Cases**

It is well established that a plaintiff may name multiple defendants in a single action, ***but only if*** he asserts at least one claim against them that arises from the same transaction, occurrence, or series of transactions or occurrences, or if any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2). In the -0161, -2765, -3012, and -3311 Cases, Caudle violates Rule 20 by joining several unrelated defendants together in the same suit and alleging claims against them not clearly arising out of any common fact pattern.

The Court recognizes that Caudle is appearing *pro se*. Thus, it must construe his pleadings leniently and hold them "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted) (internal quotation marks omitted). *See also Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But even a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1998) (holding that "once a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"). The leniency the Court must apply does not permit it "to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d

701 (11th Cir. 2010). This is especially true where, as here, Caudle has presented the Court with multiple "shotgun pleadings." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) ("[A shotgun pleading] employs a multitude of claims and incorporates by reference all of its factual allegations into each claim, making it nearly impossible for Defendants and the Court to determine with any certainty which factual allegations give rise to which claims for relief."); *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (citations omitted) (A shotgun pleading fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.").

While the federal rules do not require specific facts to be pleaded for every element of a claim or that claims be pleaded with precision, "it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282–83 (11th Cir. 2007). A plaintiff's claims fail to do so where, as here, they are couched in a shotgun pleading; the pleading is accordingly frivolous and must be dismissed. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted) (A complaint is frivolous when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably

meritless.'"); 28 U.S.C. § 1915(e)(2)(B) ("[I]f the court determines that . . . the action or appeal [ ] is frivolous or malicious," then it must be dismissed).

The Court need not dwell on the facts or procedural posture of the -0161, -2765, -3012, and -3311 Cases. Each case violates Rule 20 and presents a shotgun pleading. *See, e.g.*, -0161, at ECF 3 (alleging that multiple federal agencies' "negligence resulted in the deprivation of [Caudle's] rights to attend church, funerals, exercising his Human Rights Acts and Freedom Of Thoughts Rights, rights to not be falsely imprisoned, exercising his religious beliefs, peaceful assembl[y] rights, rights to bear arms, freedom of expression"; in Caudle "being sexually assaulted, subjected to sexual misconduct, violations of his rights to work and earn a living, equal employment opportunity rights, equal rights to education, fair credit rights, banking rights, rights [t]o medical care, rights to medical insurance benefits, Fair Housing Rights, equal rights to protection, defamation of character, rights to not be subject to Medical malpractice"; and Caudle "being set up on false charges in Fulton County Atlanta, GA, Monterey, TN, Madison County, Huntsville, AL and other[ ] locations throughout the United States Of America . . . prevent[ing] him from obtaining millions [and] billions in grants."); -2765, ECF 3, at 1 (same); -3311, ECF 3, at 3–4 (same); -3012, ECF 3, at 1–2 (alleging 12 state and federal entities caused Caudle to be spied on, enslaved, and humiliated, resulting in his eviction, loss of "millions in intellectual property"

and other property, loss of university certifications and degrees, and more). Accordingly, the -0161, -2765, -3012, and -3311 Cases are frivolous.

### III. Conclusion

Caudle's motion for a temporary restraining order in the -4865 Case [ECF 16] is **DENIED AS MOOT and WITHOUT PREJUDICE**. Caudle may renew his motion with this Court after the Eleventh Circuit issues its mandate, so long as his case is not dismissed.

The -0161, -2765, -3012, and -3311 Cases are **DISMISSED WITHOUT PREJUDICE**. All pending motions in these cases are **DENIED as moot**. Caudle may amend the pleadings in these cases within 14 days of entry of this Order. If Caudle amends the pleadings in these cases, he must comply with the terms of this Order.

**SO ORDERED** this 30th day of September, 2023.

Steven D. Grimberg
United States District Judge